930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winston Leonard COLLINS, Defendant-Appellant.
 No. 90-5002.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided April 18, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CR-89-48-R)
 Reginald Moore Barley, Richmond, Va., for appellant.
 Roscoe Conklin Howard, Jr., Assistant United States Attorney, Richmond Va., (Argued), for appellee; Henry E. Hudson, United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Winston Leonard Collins appeals his convictions for conspiracy to distribute cocaine, distribution of cocaine, and engaging in a continuing criminal enterprise. Finding no error, we affirm.
 
 I.
 
 2
 Based on evidence gathered in an undercover operation conducted from October 1988 through February 1989, Collins was indicted on one count of conspiracy to distribute five kilograms or more of cocaine (21 U.S.C. Sec. 846), one count of engaging in a continuing criminal enterprise (CCE) (21 U.S.C. Sec. 848), eleven counts of distribution of cocaine (21 U.S.C. Sec. 841(a)(1)), and one count of using a firearm to commit a felony (18 U.S.C. Sec. 924(c)(1)). He was tried before a jury.
 
 
 3
 James Walker participated in the undercover operation as a paid informant. He testified at trial that he went to Collins' home on eleven occasions to make cocaine purchases and received cocaine on ten of them. He would pick up various individuals,[1] known as "runners," at an area called "the corner" and would drive to Collins' home. Next, he would drop off the "runner" and take a short drive. The "runner' 'would go into the house with money supplied by Walker and then return to Walker with cocaine. The modus operandi varied only once, when Walker went to appellant's home without a "runner." On that occasion, Collins refused to sell cocaine to Walker.[2]
 
 
 4
 Collins was not always present during the drug transactions. When he was not present, certain other individuals, whom he had previously identified to his "runners," would sell cocaine from his home. On six occasions, December 6, 7, and 9, 1988, and January 6, 11, and 13, 1989, Collins was not present when Walker purchased cocaine. Collins testified that he was out of the country on these dates, and he therefore had no knowledge that drugs were being sold from his home at those times.
 
 
 5
 He was convicted on all but the firearms count. This appeal followed.
 
 II.
 
 6
 Collins argues on appeal that the evidence was insufficient to sustain his convictions. First, he contends that the evidence was insufficient to prove that he organized, supervised, or managed five persons in a continuing criminal enterprise. Second, he argues that the evidence was insufficient to prove that he distributed cocaine on December 6, 7, and 9, 1988, and January 6, 11, and 13, 1989. We will discuss each argument in turn.
 
 A.
 
 7
 Collins' first argument consists of two issues: (1) the government failed to prove that at least five people worked for him in a continuing criminal enterprise; and (2) the government failed to prove that he organized an illegal enterprise, as contemplated by the statute.
 
 
 8
 We need not tarry on the first issue. In addition to the five "runners" who testified to have taken direction from appellant, nine other individuals were named in the testimony as being part of appellant's drug organization. Clearly, the evidence was sufficient on this point to sustain a conviction.
 
 
 9
 On the second issue, Collins argues that the government offered no evidence that he organized or supervised five persons in an illegal drug enterprise; rather, it proved only that he sold cocaine to numerous persons. Appellant asserts that the CCE statute was meant only for "kingpins" of highly organized drug operations.
 
 
 10
 The language of 21 U.S.C. Sec. 848(b)(2)(A), which defines the organizational aspect of a continuing criminal enterprise, is disjunctive.[3] The government must prove that the defendant organized, supervised or managed at least five or more persons. See United States v. Jeffers, 532 F.2d 1101, 1115-16 (7th Cir.1976), vacated in part on other grounds, 432 U.S. 137 (1977). Five persons need not be under a defendant's supervisory capacity at the same moment or even in the conduct of the same underlying felony. They need only be under the defendant's supervision in the conduct of the same continuing criminal enterprise. United States v. Rhodes, 779 F.2d 1019, 1026 (4th Cir.1985), cert. denied, 476 U.S. 1182 (1986). Furthermore, the organization need not be tight, but may be loosely managed. United States v. Butler, 885 F.2d 195, 201 (4th Cir.1989).
 
 
 11
 We find the evidence sufficient to sustain a conviction against Collins for "organizing, supervising or managing" five or more individuals in a continuing criminal enterprise.
 
 B.
 
 12
 Collins next argues that the court erred in sustaining his convictions for distribution of cocaine on December 6, 7, and 9, 1988, and January 6, 11, and 13, 1989. He argues that, on these dates, the evidence showed that he was out of town and that he had no knowledge of drug sales at his home. Collins maintains that the government failed to prove that he "knowingly and intentionally" distributed cocaine, as required under 21 U.S.C. Sec. 841.
 
 
 13
 As long as Collins had constructive possession of the cocaine by maintaining dominion and control over it, his presence was unnecessary in order for him to be held responsible for its distribution from his home. United States v. Zandi, 769 F.2d 229, 234-35 (4th Cir.1985). The evidence presented showed that the cocaine belonged to Collins. Grand jury testimony of Collins' daughter indicated that Collins drove to New York every three to four weeks to buy one or one and a half kilograms of cocaine. By determining who could bring customers to his home and who had access to the cocaine, he retained dominion and control over it. We find the evidence sufficient for a reasonable jury to convict Collins of distribution of cocaine on the six dates listed above.
 
 
 14
 Accordingly, we affirm Collins' convictions for distribution of cocaine, conspiracy to distribute cocaine, and engaging in a continuing criminal enterprise.
 
 AFFIRMED
 
 
 [1]
 Walker purchased drugs at Collins' home through five different individuals, each of whom testified against Collins
 
 
 [2]
 Testimony showed that Collins allowed only a select number of "runners" to come to his home to make purchases, each of whom he had instructed on the modus operandi
 
 
 [3]
 21 U.S.C. Sec. 848. Continuing criminal enterprise
 Continuing criminal enterprise defined
 (b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if--
 (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter--
 (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management....