68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winston Leonard COLLINS, Defendant-Appellant.
 No. 95-6386.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 5, 1995.
Decided: Oct. 16, 1995.
 
 Winston Leonard Collins, Appellant Pro Se.
 Sara E. Heath, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.
 Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Winston Collins appeals the district court's order denying his 28 U.S.C. Sec. 2255 motion. Collins was convicted of violating 21 U.S.C. Sec. 848 (1988), Continuing Criminal Enterprise (CCE); 21 U.S.C. Sec. 846 (1988), conspiracy to distribute cocaine; and three counts of violating 21 U.S.C.A. Sec. 841(a) (West 1981 & Supp.1995), distributing cocaine. He contends that his conviction and sentence violated the Double Jeopardy Clause and the Ex Post Facto Clause of the Constitution. Further, Collins alleges that he was denied effective assistance of counsel. After reviewing the record, we find Collins's double jeopardy and ineffective assistance of counsel claims to be without merit. However, we find that Collins's sentence on the CCE count violates the Ex Post Facto Clause, and remand for resentencing.
 
 
 2
 Collins's contention that he received multiple punishments for the same conduct in violation of the Double Jeopardy Clause is without merit. The district court merged the CCE and conspiracy convictions, and elected to sentence Collins only on the CCE conviction and not on the conspiracy conviction. Further, it was not a violation to sentence Collins on his three counts of distributing cocaine in violation of Sec. 841(a). Cumulative punishments are permitted for convictions for engaging in a continuing criminal enterprise and for predicate offenses other than conspiracy.[1]
 
 
 3
 Additionally, Collins's claim that the forfeiture of his assets constitutes a double jeopardy violation is without merit. Any of Collins's property that was used, or intended to be used, in any manner or part, to facilitate the commission of Collins's crimes was subject to forfeiture.[2] The forfeiture was tried with the other criminal charges before the same judge and jury; consequently, there was no double jeopardy violation.[3]
 
 
 4
 Next, Collins failed to show that counsel's performance was deficient and that he was prejudiced by counsel's actions.[4] Collins contended that counsel was deficient for failing to: (1) challenge the forensic drug analysis, (2) challenge the chain of custody for the drugs, (3) oppose the initial search warrant, (4) request a jury instruction, (5) give appropriate opening and closing statements, and (6) consult with Collins. Because Collins failed to show he was prejudiced by counsel's actions,[5] and only asserted conclusory allegations, the district court properly denied relief on Collins's claims of ineffective assistance of counsel.[6]
 
 
 5
 Finally, Collins asserts he must be resentenced on the CCE count. While nonconstitutional claims that could have been asserted on direct appeal, but were not, cannot later be raised in a Sec. 2255 proceeding,[7] Collins may assert his sentence miscalculation claim because he maintains the sentence calculation violates the Ex Post Facto Clause of the Constitution. Furthermore, contrary to the Government's assertion and the district court's findings, although the district court did not address the ex post facto claim in Collins' Sec. 2255 petition, Collins did raise it. Accordingly, he need not demonstrate cause and prejudice under McCleskey v. Zant, 499 U.S. 467, 494-95 (1990), for failing to raise it in his initial Sec. 2255 motion.
 
 
 6
 A defendant's sentence should be based on the federal sentencing guidelines in effect at the time of sentencing, unless the guidelines increased the punishment between the time the offense was committed and the date of sentencing.[8] When Collins's criminal activities ended, the base offense level he faced from United States Sentencing Commission, Guidelines Manual, Sec. 2D1.5 (Nov.1987) was thirty-six, but by the time of sentencing, a change in the law had occurred and the base offense level for USSG Sec. 2D1.5 was increased to thirtyieight. Collins's applicable guideline range using the correct base offense level of thirty-six results in an applicable guideline range of 292 to 365 months of incarceration; the base offense level of thirty-eight had a range of 360 months to life. Collins received a sentence of 360 months on the CCE count, based on a range of 360 months to life. The judge specifically stated that he was sentencing Collins at the bottom of the guidelines range because he had no previous record, he returned to the United States voluntarily to face prosecution, and a sentence at the low end of the range was sufficient to meet the objectives of punishment and deterrence. Because the record does not conclusively establish that the district court would have sentenced Collins to 360 months under the correct guideline calculation, the case must be remanded for resentencing.[9]
 
 
 7
 Accordingly, we affirm the district court's order in part, vacate in part, and remand for resentencing using the correct version of the federal sentencing guidelines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 
 
 
 [1]
 Garrett v. United States, 471 U.S. 773 (1985); United States v. Ricks, 776 F.2d 455, 463 n. 12 (4th Cir.1985), aff'd, 802 F.2d 731 (4th Cir.) (in banc), cert. denied, 479 U.S. 1009 (1986)
 
 
 [2]
 21 U.S.C. Sec. 853 (1988)
 
 
 [3]
 See United States v. Halper, 490 U.S. 435, 450 (1989)
 
 
 [4]
 Strickland v. Washington, 466 U.S. 668 (1984)
 
 
 [5]
 Strickland, 466 U.S. 694-97
 
 
 [6]
 Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir.1991), cert. denied, 502 U.S. 1112 (1992)
 
 
 [7]
 Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976)
 
 
 [8]
 United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir.1991)
 
 
 [9]
 United States v. McCrary, 887 F.2d 485, 489 (4th Cir.1989)