Filed:   October 19, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

Nos. 01-6260(L)
(CR-89-48)

_____

United States of America,

Plaintiff - Appellee,

versus

Winston Leonard Colllins,

Defendant - Appellant.

_____

O R D E R

_____

The court amends its opinion filed September 27, 2001, as follows:

On page 4, closing summation, line 3 -- "No. 01-6339" is corrected to read "No. 01-6399."

For the Court - By Direction

_____
/s/ Patricia S. Connor
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 01-6260

WINSTON LEONARD COLLINS,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 01-6399

WINSTON LEONARD COLLINS,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-89-48)

Submitted: August 31, 2001

Decided: September 27, 2001

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

No. 01-6260 affirmed in part and vacated in part and No. 01-6399
affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Winston Leonard Collins, Appellant Pro Se. David T. Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In No. 01-6260, Winston Leonard Collins appeals the district court's orders denying his motions for correction and reconsideration of sentence and new trial. He also filed a motion for appointment of appellate counsel and a motion for recusal of District Judge Richard L. Williams on appeal. In No. 01-6399, Collins appeals the district court's denial of his motion for recusal. For the reasons stated below, we vacate the district court's order amending the special assessments imposed as part of Collins' sentence and affirm in all other respects. Finally, we deny the motion for appointment of appellate counsel and the motion for recusal.

In 1989, a jury convicted Collins of engaging in a continuing criminal enterprise, conspiracy to distribute cocaine, and three counts of distributing cocaine. He was originally sentenced to 360 months imprisonment. This court affirmed his convictions on direct appeal. United States v. Collins, No. 90-5002, 1991 WL 57239 (4th Cir. Apr. 18, 1991) (unpublished).

Subsequently, he filed a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), contending that his conviction and sentence violated the Double Jeopardy and Ex Post Facto Clauses, and that he was denied effective assistance of counsel. The district court denied his motion. On appeal, this court remanded for resentencing, finding his sentence on the continuing criminal enterprise count violated the Ex

2

Post Facto Clause. <u>United States v. Collins</u>, No. 95-6386, 1995 WL 606786 (4th Cir. Oct. 16, 1995) (unpublished). On remand, the district court resentenced Collins to 292 months.

Collins appealed the sentence. This court affirmed, finding Collins' challenges to his sentence rejected previously or waived by his failure to raise them on his first direct appeal. <u>United States v. Collins</u>, No. 96-4007, 1996 WL 426864 (4th Cir. July 31, 1996) (unpublished). Thereafter, Collins filed a motion pursuant to 28 U.S.C.A. § 2241 (West 1994), which the district court denied. Collins filed another § 2255 motion without obtaining authorization from this Court in accordance with 28 U.S.C.A. § 2244 (West 1994 & Supp. 2000).

At issue here, Collins filed a Motion for Correction of Sentence, which the district court denied on the merits. Subsequently, Collins filed a Motion for Reconsideration for Correction of Sentence and for New Trial Based on Newly Discovered Evidence, asserting miscalculation of the term of incarceration and the amount of the special assessments, improper enhancement based on obstruction of justice, and failure to depart downward, and requesting a new trial based on alleged newly discovered evidence. The district court reduced the special assessments from $600 to $550, but denied the remaining claims as untimely and meritless. Next, Collins filed a Motion to Amend Reconsideration for Correction of Sentence, which the district court also denied.

Collins timely appealed the district court's orders. He also filed a motion for appointment of counsel on appeal and a motion to recuse District Judge Richard L. Williams from participating in these appeals.

Collins' motions for correction of sentence, reconsideration, and new trial are all untimely. 18 U.S.C.A. § 3582(c) (West 2000); Fed. R. Crim. P. 33, 35. Accordingly, to the extent the district court found Collins' motions untimely, we affirm. We vacate the court's modification of the special assessments imposed as part of Collins' sentence because the court lacked jurisdiction to so modify the sentence. <u>See United States v. Lussier</u>, 104 F.3d 32, 34 (2d Cir. 1997).

Collins also appeals the denial of his motion to recuse District Judge Richard L. Williams. As Collins appears to recognize in his

3

informal appellate brief, District Judge Williams has not, nor will he, review on appeal any case in which he participated on the district court level. Accordingly, this appeal is meritless.

In sum, as to No. 01-6260, we affirm the district court's orders denying the Motion for Correction of Sentence, Motion for Reconsideration of Sentence and for New Trial Based on Newly Discovered Evidence, and Motion to Amend Reconsideration for Correction of Sentence as untimely, and vacate the district court's order amending the amount of the special assessments. As to No. 01-6399, we affirm the order denying the motion for recusal, deny Collins' motion for appointment of appellate counsel and his motion for recusal of District Judge Richard L. Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-6260 - <u>AFFIRMED IN PART;</u>
<u>VACATED IN PART</u>

No. 01-6399 - <u>AFFIRMED</u>

4