**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Murray A. WOODWORTH, a.k.a.**
**Earl Thomas Hardin, a.k.a. John**
**C. Wilson, Defendant–Appellant.**

No. 01–2945.

United States Court of Appeals,
Seventh Circuit.

Submitted April 22, 2002 *.

Decided May 3, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, ROVNER, and EVANS, Circuit Judges.

## ORDER

Murray Woodworth was convicted of armed bank robbery, and as part of his sentence was ordered to pay $169,854 in restitution. Four years later, when the restitution remained unpaid, the government sought to collect by moving for an order requiring the sale of a $4,000 coin collection belonging to Woodworth and that came into the possession of the FBI. The district court granted the government's motion, and Woodworth now appeals.

■ Woodworth raises numerous arguments on appeal, several of which are based on his apparent belief that the government's collection effort is akin to a forfeiture proceeding. For instance he contends that his indictment did not allege the extent of the property interest subject to forfeiture; that the government did not provide a written "notice of intent to forfeit" before taking his property; that the government subjected him to double jeopardy by not "seek[ing] both the criminal penalty and forfeiture in a single trial"; and that the government acted outside the five-year statute of limitations he says is applicable to forfeiture actions. The short answer to these arguments is that Woodworth's coin collection is not being forfeited; rather, the government instituted these proceedings to collect on the outstanding restitution obligation imposed as part of Woodworth's criminal sentence. (Specifically, the government sought to collect under Fed.R.Civ.P. 69, which provides that process to enforce a judgment for the payment of money is by writ of execution "unless the court directs otherwise." The district court here did not issue a writ of execution because Woodworth's coin collection was already in the government's possession.) Woodworth's arguments based on forfeiture law are therefore irrelevant to this case.

■ Woodworth also raises a number of objections to the underlying restitution order. Specifically, he argues that the district court erred by failing to take into consideration his ability to pay, by not citing to a specific restitution statute in its order, and by ordering that restitution be paid to a business entity. But the appro-

priate time for Woodworth to raise these arguments was during his original criminal proceedings, which he did not do. *See United States v. Bruce*, 109 F.3d 323 (7th Cir.1997).

■ Finally, Woodworth contends that his property was seized in violation of his Fourth Amendment rights. This argument is waived/forfeited, however, because Woodworth failed to raise it in the district court. *Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir.2000). We note that, because this is a civil proceeding, Fed.R.Crim.P. 52 does not apply, and so we need not search for plain error.

AFFIRMED.