[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-12790
Non-Argument Calendar

_____

D. C. Docket Nos. 02-80222-CV-JAL
and 98-08028-CR-JAL

WESTLY BRIAN CANI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 29, 2003)**

Before BARKETT, HULL and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Westly Brian Cani, a federal prisoner proceeding pro se, appeals the dismissal of his "Petition for Recalculation of Amount and Manner of Payment of Restitution as per 18 U.S.C. § 3663." On appeal, Cani argues that the district court erred by accepting the magistrate judge's characterization of his claim as having been brought under 28 U.S.C. § 2255. He further contends that the district court's restitution order was without a substantial basis in fact and that his economic circumstances changed so as to warrant a modification of his restitution payment schedule under 18 U.S.C. § 3664(k).

We typically review a district court's calculation of restitution for abuse of discretion. See United States v. Davis, 117 F.3d 459, 462 (11th Cir. 1997). However, where an objection to a restitution order is raised for the first time on appeal, it is reviewed only for plain error. See id.; see also United States v. Odom, 252 F.3d 1289, 1299 (11th Cir. 2001), cert. denied, 535 U.S. 1058, 122 S. Ct. 1920, 152 L. Ed. 2d 828 (2002). The underlying rationale is that "[e]ffective appellate review is hindered when the asserted error has not been brought to the district court's attention." Davis, 117 F.3d at 462. This problem is greatly exacerbated when the defendant fails to raise his objections to a restitution order before the sentencing court and on direct appeal, and presents them for the first time only in a

collateral proceeding. In such cases, absent exceptional circumstances, we will not consider objections to the district court's <u>initial</u> restitution calculation.

Upon thorough review of the record and careful consideration of the parties' briefs, we conclude that the district court erred insofar as it concluded that Cani's petition to modify his restitution payment schedule based on changed economic circumstances was not cognizable under 18 U.S.C. § 3664(k). Accordingly, we address this claim on its merits. Upon doing so, however, we conclude that appellant's argument is plainly unmeritorious. By contrast, Cani has waived his challenge to the district court's initial restitution calculation, as he failed to raise it at sentencing or on direct appeal, and has demonstrated no exceptional circumstances that would excuse this failure. Because none of appellant's claims warrant relief, we affirm the denial[1] of his petition.

The relevant facts are straightforward. Pursuant to a written plea agreement, Cani pled guilty to one count of assaulting a person having lawful custody of property of the United States with the intent to rob such property, in violation of 18 U.S.C. § 2114. Prior to sentencing, Cani objected to the presentence report, arguing that (1) he was entitled to a three-level sentencing reduction for

---

[1]Although the district court technically dismissed the petition, for reasons more fully set forth <u>infra</u>, we construe this dismissal as a denial.

3

acceptance of responsibility; and (2) he was entitled to a downward departure because the victim's conduct provoked his offense behavior. The district court rejected both of these contentions and sentenced appellant to 96 months imprisonment and 3 years of supervised release, and ordered him to pay $4994.23 in restitution and a $100 assessment. On direct appeal, Cani challenged only the denial of the offense level reduction for acceptance of responsibility. On October 13, 1999, we affirmed appellant's sentence.

Subsequently, on February 22, 2002, Cani filed the instant "Petition for Recalculation of Amount and Manner of Payment of Restitution as per 18 U.S.C. § 3663." In support of this motion, he argued that (1) there was an insufficient factual basis at sentencing for the amount of restitution ordered; (2) the district court had failed to establish a payment schedule; and (3) he was being penalized by the Bureau of Prisons for his inability to pay restitution. The district court referred the motion to a magistrate judge, who reported and recommended that it be construed as a motion to vacate, set aside, or correct appellant's sentence pursuant to 28 U.S.C. § 2255. The magistrate judge further suggested that this motion be denied, as § 2255 is not a mechanism by which an order of restitution may be attacked. See Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998). The district court adopted the Report and Recommendation in its entirety, and

4

dismissed Cani's motion. The district court ruled specifically that Cani's challenge to the restitution order was not cognizable under § 2255, and that no relief was available under either 18 U.S.C. §3582(c)(1)(A)(i) or 18 U.S.C. § 3663. This appeal ensued.

Preliminarily, we note that a single judge of this court found in an order dated August 26, 2002 that appellant's petition is not properly construed as a 28 U.S.C. § 2255 motion. This determination was plainly correct. See Blaik, 161 F.3d at 1343 ("[Section] 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody." (quoting 28 U.S.C. § 2255)). Accordingly, that aspect of the district court's ruling was erroneous. Instead, we interpret Cani's motion as (1) challenging the district court's initial calculation of restitution in this case; and (2) alleging, pursuant to 18 U.S.C. § 3664(k), a change in his ability to pay.

We do not address the merits of the first claim, however, because by (1) failing to challenge the district court's calculation of restitution before either that court or on direct appeal; and (2) failing to demonstrate the existence of

exceptional circumstances that would excuse this failure,[2] Cani has waived his right to object to the initial restitution calculation. See United States v. Woodworth, 39 Fed. Appx. 376, 377-78 (7th Cir. 2002) ("Woodworth . . . raises a number of objections to the underlying restitution order. Specifically, he argues that the district court erred by failing to take into consideration his ability to pay . . . . But the appropriate time for Woodworth to raise these arguments was during his original criminal proceedings, which he did not do."); United States v. Cannistraro, 871 F.2d 1210, 1214 (3d Cir. 1989) ("By failing to contest the underlying factors used by the district court imposing the order of restitution, Cannistraro has waived his right to contest this order."); United States v. Ahmad, 225 F.3d 664 (9th Cir. 2000) (table disposition) ("The district court . . . properly declined to consider Ahmad's challenge to the restitution component of his sentence because he waived this issue by failing to raise it on direct appeal.") (citation omitted); see also generally United States v. Collins, 20 Fed. Appx. 144, 145 (4th Cir. 2001) (describing the waiver of the defendant's objections to his sentence based on his failure to raise those objections on his direct appeal);

---

[2]Such circumstances would be analogous to a showing of "cause and actual prejudice" such as would render reviewable a constitutional claim asserted for the first time in a habeas corpus petition. See generally United States v. Canady, 126 F.3d 352, 359 (2d Cir. 1997) (citing Reed v. Farley, 512 U.S. 339, 355, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994)) (other citation omitted).

6

Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1988) ("Petitioner's claim . . . was available on direct appeal as a basis on which to challenge his sentence. Thus, petitioner must demonstrate cause and actual prejudice before this Court will consider his argument on the merits."). Indeed, although a restitution calculation may be contested for the first time on direct appeal, which will give rise to plain error review, we can find no case (and have been cited to none) in which a defendant has been permitted to advance such a challenge for the first time in a collateral proceeding.

The calculation of restitution is a matter over which district courts possesses limited discretion. As we have explained, "[u]nder the Mandatory Victims Restitution Act[] [("MVRA")], the district court must order restitution to each victim in the full amount of each victim's losses' for, inter alia, crimes against property." United States v. Martinez, 320 F.3d 1285, 1288 (11th Cir. 2003) (citations and internal punctuation omitted). Indeed, the MVRA explicitly excludes from the initial restitution calculation any consideration of the defendant's ability to pay. 18 U.S.C. § 3664(f)(1)(A). Although the district court enjoys more flexibility and can consider the defendant's financial circumstances in setting a schedule for the payment of restitution, the initial determination of the amount payable is limited to a valuation of the victims' losses. See United States

7

v. Futrell, 209 F.3d 1286, 1290 (11th Cir. 2000) ("The plain language of the MVRA requires the district court to order restitution 'in the full amount of each victim's losses as determined by the district court.' The government bears the burden of demonstrating the amount of the victim's loss by a preponderance of the evidence." (quoting 18 U.S.C. § 3664(f)(1)(A) and citing 18 U.S.C. § 3664(e)).

Plainly, this is a determination that necessarily is rooted in the evidence, and accordingly it should be made as temporally close to the presentation of the evidence as possible. Moreover, the benefits of a prompt, binding restitution calculation on which the victim(s), the defendant and the court can rely are significant. Indeed, it is important to avoid upsetting all interested parties' settled expectations regarding restitution at a time far removed from the district court's calculation of the amount owed; over time, the degree of reliance on the original determination is likely to grow, and the details of the victims' losses may become obscured by the passage of time and the degradation of the proofs upon which the district court's original calculation was based. A prohibition on collateral attacks on such calculations plainly serves these important pragmatic and evidentiary functions. As the Sixth Circuit has said in a related context, "[g]iven society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside the normal appellate system. . . .

8

Defendants must assert their claims in the ordinary course of trial and direct appeal." Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996) (citation omitted).

Moreover, limiting restitution challenges to sentencing proceedings and direct appeal also serves the equally significant goal of judicial economy. For these reasons -- coupled with the fact that the defendant in every case is assured ample opportunity to challenge the district court's calculation of restitution at sentencing and again on direct appeal -- we conclude that absent exceptional circumstances not present in this case, a criminal defendant who fails to object to the calculation of restitution at both of these stages of the judicial process loses the right to advance a challenge to this calculation.

This does not mean, however, that a defendant who opts against challenging the initial calculation of restitution is precluded from subsequently notifying the district court and Attorney General "of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k).[3] Indeed, there is an important difference between contesting the district

---

[3]This subsection provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept

court's initial determination of the amount of the victim's losses and, once that calculation has been made, asserting that the defendant's ability to compensate the victim has changed. In this vein, the MVRA enables the district court to modify a restitution order to reflect subsequent losses discovered by the victim, see 18 U.S.C. § 3664(d)(5), or a bona fide change in the defendant's financial condition, either positive or negative. See 18 U.S.C. § 3664(k). Thus, although Cani cannot contest the district court's initial restitution calculation, his argument concerning his changed economic circumstances is fully cognizable under section 3664(k), and the district court erred insofar as it concluded otherwise.[4]

On its merits, however, this contention is unpersuasive. Cani bases his assertion of changed economic circumstances on a printout showing his history of participation (and non-participation) in the Inmate Financial Responsibility

---

notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

[4]Although it is unclear whether appellant has satisfied section 3664(k)'s requirement that he notify the Attorney General of a change in his financial circumstances, we assume for present purposes that it is in fact satisfied. Because we find the argument unavailing, we do not further address this "notification" requirement.

Program at USP Coleman and a prepared summary of the consequences of refusing to participate in a financial responsibility program or to comply with a financial plan. However, neither of these documents demonstrate that appellant's economic circumstances have changed in any way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order.

Accordingly, Cani is not entitled to relief based on his motion pursuant to section 3664(k). We note as a technical matter, however, that the district court should have denied the motion as opposed to dismissing it. The court plainly enjoyed subject matter jurisdiction in this case, and accordingly the appropriate disposition was a merits denial as opposed to a dismissal. However, given that none of the arguments raised by Cani are meritorious, in this case this is a distinction that makes no significant difference. As such, we construe the district court's dismissal as a denial and affirm.

**AFFIRMED.**