UNITED STATES of America,
Plaintiff–Appellee,

v.

Paul W. SURBER, Defendant–
Appellant.

Nos. 03–3782, 03–3783, 03–3784.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 30, 2004.

Thomas Edward Leggans, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

356

Paul W. Surber, Beaver, WV, pro se.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

 In May 1999 Paul Surber pleaded guilty in the Southern District of Illinois to several crimes arising out of bank robberies he committed in Illinois, Missouri, Alabama, and Arkansas. *See* Fed.R.Crim.P. 20. As part of his overall sentence, the court ordered Surber to pay restitution totaling $198,563, due in full immediately. Surber found work in prison and began paying restitution from his earnings. Four years into his sentence, Surber petitioned the district court to defer his remaining payments until 60 days after his release or, in the alternative, to set a monthly payment schedule. He said that he wanted to "save a substantial sum of money while in prison to better facilitate his re-entry into society." The district court denied his petition. Surber asked the court to reconsider, pointing out that he had recently received a pay cut. The court refused to reconsider and Surber appeals. He filed his notice of appeal not within ten days of the original order but rather within ten days of when the court entered judgment on his post-judgment motion. Because he filed his post-judgment motion within ten days of the entry of judgment, though, it tolled the time for filing a notice of appeal. *United States v. Healy,* 376 U.S. 75, 78, 80, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) (timely post-judgment motion tolls time for filing notice of appeal in criminal cases). So Surber's notice of appeal was timely and we have jurisdiction over this case.

As an initial matter, Surber argues that when the district court ordered him to pay restitution, it improperly delegated authority to the Bureau of Prisons to set a payment schedule. Surber could have raised this argument in a direct appeal. *See United States v. Burke,* 125 F.3d 401, 407 (7th Cir.1997). The district court was without jurisdiction to consider it four years later in a petition seeking a modification of the payment schedule. We also lack jurisdiction to consider the merits of the argument.

Turning to Surber's argument that the district court should have modified his restitution schedule, a district court may adjust a restitution payment schedule if a defendant experiences "a material change in economic circumstances that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k); *see United States v. Menza,* 137 F.3d 533, 540 (7th Cir.1998). Surber's desire to save money for his release is not a material change in economic circumstances. Regarding his pay cut, Surber failed to mention it in his initial petition, but in any case, he did not show that his financial position after the pay cut was materially different than the position he was in when the district court imposed the restitution order. *See Cani v. United States,* 331 F.3d 1210, 1216 (11th Cir.2003). The district court's judgment is AFFIRMED.