[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2007
THOMAS K. KAHN
CLERK

No. 06-12094
Non-Argument Calendar

_____

D. C. Docket No. 05-00010-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RINI,
DONALD J. OTTMAN, III,
DONALD J. OTTMAN, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(April 24, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Michael Rini ("Rini"), Donald J. Ottman, III ("Ottman, III"), and Donald J. Ottman, Jr. ("Ottman, Jr.") were charged jointly with conspiracy to commit mail fraud, 18 U.S.C. § 371, and ten counts of mail fraud, 18 U.S.C. § 1341. A jury found each guilty of certain counts, and the district court sentenced them to terms of imprisonment and ordered them to make restitution. On appeal, Rini challenges his convictions for conspiracy to commit mail fraud, 18 U.S.C. § 371, and three counts of mail fraud, 18 U.S.C. § 1341, and his 41-month sentence. Ottman, III challenges his convictions for conspiracy to commit mail fraud, 18 U.S.C. § 371, and eight counts of mail fraud, 18 U.S.C. § 1341. Ottman, Jr. appeals his convictions for conspiracy to commit mail fraud, 18 U.S.C. § 371, and four counts of mail fraud, 18 U.S.C. § 1341, and his 63-month sentence.

Multiple issues are raised in this consolidated appeal. All three co-defendants argue that the evidence presented at trial was insufficient to sustain their convictions. Additionally, Rini argues that the district court clearly erred when it applied sentence enhancements based on: (1) the amount of loss; (2) involvement of more than one victim; (3) utilization of mass-marketing techniques; (4) employment of sophisticated means; and (5) targeting of vulnerable victims. Ottman, Jr. argues that the district court erroneously found the amount of loss for sentencing purposes by a preponderance of the evidence. Rini also asserts that he

2

has been held responsible for an erroneous amount of restitution, while Ottman, Jr. contends that the district court failed to consider his ability to pay restitution.[1] We now consider each of these arguments in turn.

## I.    Sufficiency of the Evidence

We review *de novo* challenges to the sufficiency of the evidence in criminal cases, viewing the evidence in the light most favorable to the government. *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000) (per curiam).

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006), *cert. denied,* 127 S. Ct. 615 (2006) (quotation marks and citation omitted). The relevant question in reviewing the denial of a motion for acquittal "is whether, after viewing

---

[1] We note that Ottman, Jr. also contends that: (1) that the government's use at trial of an out-of-court threat made to a third party constituted a discovery violation and was otherwise not admissible at trial; (2) the district court's decision to limit his cross-examination at trial of the creditworthiness of victims on relevance grounds (a) violated his Sixth Amendment right to confrontation and plain error resulted and (b) was an abuse of discretion; (3) his cross-examination concerning a co-defendant's plea agreement was improperly restricted; and (4) a constructive amendment and material variance occurred. We have reviewed each of these claims and determined that they are meritless and warrant no further discussion.

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

To establish conspiracy to defraud under 18 U.S.C. § 371, the government must prove beyond a reasonable doubt "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Ellington*, 348 F.3d 984, 989 (11th Cir. 2003) (per curiam) (quotation marks and citation omitted) (reversing the district court's decision to grant a judgment of acquittal in an 18 U.S.C. § 371 conspiracy and 18 U.S.C. §1341 mail fraud case). "The existence of an agreement may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 772 (2005) (quotation marks and citation omitted). In fact, an entire "[c]onspiracy may be proven by circumstantial evidence and the extent of participation in the conspiracy

4

or extent of knowledge of details in the conspiracy does not matter if the proof shows the defendant knew the essential objective of the conspiracy." *United States v. Gupta*, 463 F.3d 1182, 1194 (11th Cir. 2006) (quotation marks and citation omitted).

To establish mail fraud under 18 U.S.C. § 1341, the government must prove beyond a reasonable doubt that the defendant "(1) intentionally participated in a scheme or artifice to defraud and (2) used the United States mails to carry out that scheme or artifice." *Ellington*, 348 F.3d at 988, 990 (quotation marks and citation omitted). In order to be convicted of aiding and abetting mail fraud, "the Government must demonstrate that the Defendant had the same willfulness and unlawful intent as the actual perpetrators of the fraud . . . ." *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004) (discussing aiding and abetting bank fraud).

Furthermore, if a jury disbelieves testimony, it may properly infer that the opposite of the testimony is true. *United States v. Mejia*, 82 F.3d 1032, 1038 (11th Cir. 1996). "[A] jury can treat a defendant's testimony – even if all the words deny wrongdoing – as proof of guilt [because] the jury is uniquely able to evaluate the defendant's demeanor on the witness stand." *Id.* The jury is the sole determiner of a witness's credibility and its findings of credibility may not be

5

reviewed unless the witness's testimony was incredible as a matter of law. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997). Such testimony is "unbelievable on its face" or contains "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* at 1325 (citations, quotation marks, and alteration omitted).

Upon review of the record and sentencing transcripts, and upon consideration of the briefs of the parties, we discern no reversible error. Sufficient evidence supports all three convictions. Although no direct evidence of a conspiracy was presented, the government presented circumstantial evidence at trial to show: (1) the defendants engaged in an advance fee loan scheme, where victims mailed in application fees in order to receive loans they were fraudulently led to believe they would receive; and (2) the defendants' knowing and voluntary participation in the scheme. *See Gupta*, 463 F.3d 1182, 1194; *Silvestri*, 409 F.3d at 1328; *Ellington*, 348 F.3d at 989. Furthermore, although an overt act required for a conspiracy need not have been committed by each of the defendants, *see Ellington*, 348 F.3d at 989, here, each defendant committed multiple overt acts in furtherance: Rini repeatedly told callers that they were approved for the services; Ottman, III helped to establish the lending company, told an employee to continue using a script that would mislead callers, very likely complained to the Better Business

6

Bureau about the way in which it was characterizing the company, and spoke with callers who were seeking refunds; and Ottman, Jr. denied "guaranteed loans" made by the lending company and increased the period of time during which victims were lulled into a false sense of security. Based on this and other evidence at trial, a "rational trier of fact could have found the essential elements of the crime [of conspiracy] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Therefore, we affirm all three convictions for conspiracy.

The mail fraud counts were also sufficiently established at trial. Whether the defendants actually committed each individual mail fraud or were merely aiders and abettors is irrelevant. *Williams*, 390 F.3d at 1324. For some of the mail fraud counts, a rational trier of fact could have determined that each defendant's actions constituted intentional participation in the scheme and use of the mails in furtherance; for others, a rational trier of fact could have found that they had the same willfulness and unlawful intent as whoever had personally dealt with the victims. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 390 F.3d at 1324; *Ellington*, 348 F.3d at 990. Contrary to Rini's claim, the statements of three victims that they spoke with "Mike" were neither unbelievable on their face nor physically impossible and, hence, not incredible as a matter of law. *See Calderon*, 127 F.3d at 1325. Additionally, although Ottman, III testified to his innocence, the

7

jury was entitled to disbelieve him and reach the opposite conclusion. *Mejia*, 82 F.3d at 1038. Because, viewing the evidence in the light most favorable to the government, the jury could have found all three defendants guilty of mail fraud under a reasonable construction of the evidence, we affirm their mail fraud convictions. *See Futrell*, 209 F.3d at 1288; *Chastain*, 198 F.3d at 1351.

## II.   Rini's Sentencing Enhancements

"Parties must submit all issues on appeal in their initial briefs." *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000). "When an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam). Passing references to the issue are insufficient to prevent abandonment. *See id.* Similarly, failing "to elaborate or provide any citation of authority in support" waives the argument for appellate purposes. *Flanigan's Enterprises, Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam).

We conclude that Rini's arguments as to the enhancements to his sentence for amount of loss, involvement of more than one victim, utilization of mass-marketing techniques, employment of sophisticated means, and targeting of vulnerable victims have been abandoned because the section of his brief addressing these issues consists of slightly more than one page of text (a good portion of

which is used to argue that the evidence was insufficient to sustain any of his convictions), cites no case law, and contains conclusory statements. Even assuming, *arguendo*, that these issues were not abandoned, however, we also conclude they are meritless, as Rini is liable not just for his individual actions, but for the actions of his fellow conspirators.

### III.    Ottman, Jr.'s Sentencing Claims

We review the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*. *United States v. Humber*, 255 F.3d 1308, 1311 (11th Cir. 2001).

Under an advisory guidelines scheme, the use of extra-verdict enhancements is not unconstitutional. *United States v. Rodriguez*, 398 F.3d 1291, 1301-02 (11th Cir. 2005), *cert. denied*, 545 U.S. 1127 (2005). A district court may make factual findings at sentencing by a preponderance of the evidence even if these facts were not charged in the indictment, admitted by the defendant, or found by a jury. *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (per curiam).

If a district court at sentencing states that whether an enhancement is imposed has no effect on the overall sentence after the § 3553(a) factors are considered, then as long as the sentence is reasonable, any error is harmless. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). The burden is on

9

the defendant to establish an unreasonable sentence. *Id.* at 1350.

The amount of loss necessary to enhance a sentence need not be precisely determined, as long as the court makes a reasonable estimate of the loss. U.S.S.G. § 2F1.1, cmt. n.9. We have held that all fraud or deceit losses governed by U.S.S.G. § 2F1.1 "may be imputed to a defendant who was a member of the conspiracy which caused those losses." *United States v. Rayborn*, 957 F.2d 841, 844 (11th Cir. 1992) (per curiam).

Upon review of the record and sentencing transcripts, and upon consideration of the briefs of the parties, we again discern no reversible error. As an initial matter, because the district court noted that the same sentence would have been imposed regardless of the amount of loss and stated that the sentencing complied with the factors to be considered under § 3553(a), as long as Ottman, Jr.'s sentence was reasonable, any error was harmless. *See Keene*, 470 F.3d at 1349. Ottman, Jr. was convicted on one count of conspiracy and four counts of mail fraud and has not demonstrated that a sentence of 63 months' imprisonment was unreasonable on these facts. *See id.*

In any event, the eight-point amount of loss enhancement applied here was not erroneous because Ottman, Jr. is liable for the loss caused by the conspiracy. *See Rayborn*, 957 F.2d at 844. The postal inspector testified that the amount of

loss was $322,643.93, and the district court implicitly adopted the findings of the PSI and determined that the conspiracy resulted in a loss of $322,643.93, or more than $200,000, but less than $350,000, which made an eight-point enhancement for amount of loss appropriate.  U.S.S.G. § 2F1.1(b)(1)(I).  Thus, this finding was not clear error.  *See Humber*, 255 F.3d at 1311.

## IV.  <u>Restitution</u>

The district court did not err in holding Rini or Ottman, Jr. jointly and severally liable for the total amount of loss.  Under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. §§ 3663A-3664, "the district court must order the payment of restitution in the full amount of the victim's loss without considering the defendant's ability to pay."  *United States v. Siegel*, 153 F.3d 1256, 1258 (11th Cir. 1998).  A district court has limited discretion in calculating restitution and "must order restitution to each victim in the full amount of each victim's losses for, *inter alia*, crimes against property."  *Cani v. United States*, 331 F.3d 1210, 1214 (11th Cir. 2003) (quotation marks and citation omitted).  "If the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."  18 U.S.C. §

11

3664(h).  Because the co-defendants contributed to the victims' loss, it was appropriate for the court to hold them jointly and severally liable.

Furthermore, when a defendant asserts for the first time on appeal that the district court failed to consider his ability to pay restitution, review is for plain error.  *See United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002) (reviewing for plain error defendant's argument that the district court failed to consider his ability to pay restitution).  As Ottman, Jr.'s ability to pay restitution is raised for the first time on appeal and need not have been considered by the district court, no error – plain or otherwise – occurred.  *See id.*; *Siegel*, 153 F.3d at 1258.

Accordingly, we affirm as to all issues raised in this appeal.

**AFFIRMED.**