**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2177
_____

UNITED STATES OF AMERICA

v.

ALFRED PORRO, JR.

Alfred A. Porro, Jr.
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Action No. 96-cr-00420-001)
District Judge:  Honorable Joseph H. Rodriguez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2011
Before:  JORDAN, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed:       December 30, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Alfred Porro, Jr. appeals from the District Court's April 12, 2011

order.  For the following reasons, we will affirm.

1

In 1998, a federal grand jury returned a multi-count second superseding indictment against former attorney Alfred A. Porro, Jr.  The charges included mail fraud and supplying banks with false information and other statements in connection with Porro's attempts to secure lines of credit and business loans.  Porro was found guilty, and on October 14, 1999, the United States District Court for the District of New Jersey sentenced him to 70 months' imprisonment and five years of supervised release.  Porro's sentence also included a judgment ordering him to pay restitution to the Bank of New York ("Bank") because he fraudulently obtained a loan from the Bank that ultimately resulted in a net loss of $208,661.  This Court affirmed Porro's conviction and sentence.  See United States v. Porro, 230 F.3d 1349 (3d Cir. 2000) (table).  In August 2001, Porro filed an unsuccessful 28 U.S.C. § 2255 motion, and this Court declined to issue a certificate of appealability.  (C.A. No. 03-1047.)

In December 2010, Porro filed in the District Court the latest of several motions requesting, among other things, that the restitution order be "cancelled"  because it has been "paid in full."  Porro's primary argument is that the Bank was paid in 1995 and 1998 (prior to his sentencing) and accordingly that it is now receiving "double recovery" due to his restitution payments.  The Government responded to Porro's motion, asserting that he had been credited with all payments made toward the restitution and that a balance remained due.  The District Court denied Porro's motion on April 12, 2011,

stating that Porro has paid $6,943.47 in restitution to the Bank, resulting in a balance owed of $202,846.02.

Porro now appeals.

## II.

We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291. However, because Porro failed to challenge his restitution order before the District Court pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure or on direct appeal, any complaints as to the initial restitution order are waived. A defendant who fails to raise a challenge to restitution at sentencing or on direct appeal is barred from challenging its validity in collateral proceedings. Cani v. United States, 331 F.3d 1210, 1213-14 & n.2 (11th Cir. 2003).[1] Porro's attempt to transform his challenge to the restitution order into a claim that, under the order, he is eligible for an offset of his restitution payments is untenable. The District Court appropriately denied Porro's motion.

Porro's remaining arguments are meritless and require little discussion. We do note that Porro errs by asserting that the Government lacks authority to continue collecting on the restitution order even if he is no longer incarcerated or on supervised

---

[1] We do note that the Government incorrectly states that Rule 4(b) of the Federal Rules of Appellate Procedure is jurisdictional, thus barring Porro from appealing at this time. See Virgin Islands v. Martinez, 620 F.3d 321, 327 ("Rule 4(b) is not jurisdictional and is subject to forfeiture."). Nevertheless, Rule 4(b)'s "deadline is rigid[, and] upon proper invocation of the rule when a notice of appeal is filed out of time, we must dismiss the appeal." Id. at 328-29.

release.  As the Government asserts, liability to pay restitution ends 20 years after the release from imprisonment or 20 years from the entry of judgment, whichever is later. See 18 U.S.C. § 3613(b) and (f).

We will affirm the District Court's order.