[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10163
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20425-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE L. CAZAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2012)

Before CARNES, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jose Cazas appeals the district court's denial of his *pro se* "motion for reconsideration of restitution pursuant to Rule 60(b)," which followed his conviction and sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349.  Cazas contends that the district court erred in failing to construe his Federal Rule of Civil Procedure 60(b) (Rule 60(b)) motion as a motion under the Mandatory Victims Restitution Act (MVRA).

The district court did not err in denying Cazas's motion on the basis of a lack of subject matter jurisdiction, given that Rule 60(b) provides no relief in criminal proceedings.  *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).  Moreover, Cazas's contention that the district court erred in failing to construe his motion as one brought under the MVRA is without merit because, even liberally construed, Cazas's motion did not state grounds for relief under the MVRA.  Specifically, Cazas's motion did not make any argument regarding changed economic circumstances that affected his ability to pay.  *See* 18 U.S.C. § 3664(k); *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).  Furthermore, to the extent Cazas was attempting to challenge the district court's calculation of restitution, his motion did not raise any exceptional circumstances that would excuse his failure to challenge the calculation on direct appeal or to raise the arguments advanced by his motion at his restitution hearing.  *See Cani*, 331 F.3d

2

at 1215.  Thus, we affirm the decision of the district court.

**AFFIRMED.**