[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11385
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00114-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY THOMAS GOLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 11, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jeffrey Gola appeals the denial without prejudice of his motion to stay the collection of restitution. We affirm.

Gola pleaded guilty to using a computer to distribute child pornography. 18 U.S.C. § 2252A(a)(2). In his written plea agreement, Gola agreed to pay restitution for the costs that his victims incurred for mental health treatment. The district court entered an order of restitution, but deferred ruling on the amount owed to the victims. On August 13, 2014, the district court entered an amended judgment stating that Gola owed $11,000 in restitution, which was due immediately, and that he had to satisfy any balance remaining when he began supervised release by making minimum monthly payments of $100. Gola did not appeal.

In September 2016, the government notified Gola that unless he paid the full amount of restitution owed, the debt would be referred to the Department of the Treasury for collection through its offset program. The notice stated that the Department could withhold payments due to Gola from the federal treasury to offset his debt. The notice also stated that the Department could not garnish money in Gola's prison account unless he was participating voluntarily in the inmate financial responsibility program.

In January 2017, Gola moved *pro se* to stay the collection of restitution. Gola argued that he was indigent and should be required to make only nominal periodic payments, 18 U.S.C. § 3664(f)(2), (f)(3), and he acknowledged that he

2

had to offset the balance he owed with any substantial resources he received unexpectedly, *id.* 3664(n). Gola also argued that he intended to collaterally challenge the order of restitution on the ground that he was not the proximate cause of the victims' injuries. *See* 28 U.S.C. § 2255.

The district court denied Gola's motion to stay. The district court stated that Gola's concern about the restitution being "offset from his inmate account" was unsubstantiated because the government could not garnish his inmate account "unless he volunteers to do so under his prison-sponsored financial responsibility plan." The district court also denied Gola's motion for reconsideration.

The district court did not err in denying Gola's motion for a stay. Gola could not challenge the validity of his order of restitution or of his payment plan for the first time in a collateral proceeding. *See Arnaiz v. Warden*, 594 F.3d 1326, 1330 (11th Cir. 2010); *Cani v. United States*, 331 F.3d 1210, 1213–14 (11th Cir. 2003). To the extent that Gola alleged that his payment schedule failed to account for his inability to pay and constituted an improper delegation of authority to the Bureau of Prisons, he waived those arguments by failing to raise them in a direct appeal and has not established that exceptional circumstances excuse his waiver. *See Cani*, 331 F.3d at 1213–14. Gola alleged that he was indigent and requested to "make nominal periodic payments," but he failed to allege he had undergone a

3

"material change in [his] economic circumstances" that warranted his belated request for an "adjust[ment] [in] the payment schedule," *see* 18 U.S.C. § 3664(k).

Insofar as Gola argues that he is being coerced by prison officials to participate in the financial responsibility program in violation of his liberty and property interests in his inmate account, Gola would have to present that argument in a petition for a writ of habeas corpus. 28 U.S.C. § 2241. And that petition about the execution of Gola's sentence would have to be filed against the prison officials in the district of his confinement.

We **AFFIRM** the denial of Gola's motion to stay the collection of restitution.