[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13472

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TODD STEPHENS,

Defendant-Appellant,

PNC MORTGAGE,
a division of PNC Bank
National Association, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80043-AHS

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Todd Stephens, proceeding *pro se*, appeals from the district court's order granting summary judgment to the government for enforcement of a federal restitution lien. He argues that the district court's decision should be reversed due to procedural errors and the failure to consider his substantive defenses. He argues that the court's procedural deficiencies included the mismanagement of appeal fees and the improper handling of his motions. He also argues that his several substantive defenses were not adequately considered by the court, including issues related to the validity of the foreclosure process and the calculation of the alleged debt. He further argues that the court abused its discretion in denying his motions related to the appointment of a receiver and the stay of property sale. He argues that the court erred in ordering restitution in excess of $130 million.

In response, the government moves for summary affirmance, arguing that such disposition is warranted because Mr.

Stephens failed to oppose summary judgment or sufficiently brief his appeal, and he has abandoned any argument for reversal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We generally review *de novo* the district court's grant of a motion for summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the non-moving party. *See Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

But an appellant can abandon issues by failing to brief them on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this rule to a *pro se* litigant). An appellant can also abandon a claim by presenting it only in "passing references" or "in a perfunctory manner without supporting arguments or authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Simply stating that an issue exists, without providing reasoning and citation to authority that the appellants rely on, constitutes abandonment of that issue. *See id.*

Furthermore, we have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal generally will not be considered. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). This principle is not a jurisdictional limitation but merely a rule of practice, and the decision whether to consider an argument first made on appeal is left primarily to our discretion, to be exercised on the facts of individual cases. *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984). In certain exceptional circumstances, it may be appropriate to exercise this discretion. These include situations where: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the appellant raises an objection to an order which he had no opportunity to raise at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; and (5) the issue presents significant questions of general impact or of great public concern. *See id.* at 360-61.

Absent exceptional circumstances, we will not consider objections to the district court's initial restitution calculation in a criminal case when the defendant fails to raise his objections to a restitution order before the sentencing court and on direct appeal and presents them for the first time only in a collateral proceeding. *See Cani v. United States*, 331 F.3d 1210, 1212 (11th Cir. 2003).

Here, Mr. Stephens's contention that the district court procedurally erred was waived because he failed to raise it before the district court. Even if the matter was properly before us, it was

23-13472                Opinion of the Court                5

abandoned on appeal because Mr. Stephens made only a passing reference to it in his brief. *See Access Now, Inc.*, 385 F.3d at 1331; *Sapuppo*, 739 F.3d at 681. Similarly, his argument that the court failed to address his substantive defenses was abandoned because he simply raised it in a perfunctory manner without supporting authority. *See Sapuppo*, 739 F.3d at 681. His arguments that the court erred in denying his motions relating to the appointment of a receiver and the stay of property sale are not properly before us. *See Bogle*, 162 F.3d at 661. Finally, he failed to timely challenge the calculation of his restitution amount before the district court or on direct appeal. *See Cani*, 331 F.3d at 1212.

Thus, we summarily affirm the district court's order granting summary judgment to the government. It is clear as a matter of law that the court did not err.

**AFFIRMED.**