[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10465

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER R. GLENN,
a.k.a. Fernando Albergue,
a.k.a. Derek John Michael,
a.k.a. Yusef,
a.k.a. El Gringo,

Defendant-Appellant.

_____

2                      Opinion of the Court                    24-10465

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20632-RNS-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Glenn, a federal prisoner, appeals *pro se* the denial of his postconviction motion. Glenn styled his motion as one seeking relief from judgment under Federal Rule of Civil Procedure 60(b), but the district court construed it as a motion to vacate and denied it as an unauthorized successive motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We affirm.

We review *de novo* whether a Rule 60(b) motion is a second or successive motion to vacate. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Rule 60(b) may not be used to circumvent the prohibition on filing a successive motion to vacate without permission from this Court. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A Rule 60(b) motion is correctly treated as successive if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Id.* (emphasis omitted). It is not successive if it attacks "some defect in the integrity of the federal habeas proceedings." *Id.*

The district court did not err by construing Glenn's motion as a successive motion to vacate. 28 U.S.C. § 2255. The district

court denied his initial motion to vacate on the merits. Glenn's second motion added new challenges to his convictions and sentences. *See Gonzalez*, 545 U.S. at 532. And although he argued that the district court did not address the merits of his original motion to vacate, it did, so his argument constituted an attack on the court's resolution of his claims on the merits. *See id.*

Because Glenn did not seek authorization from this Court to file a second or successive motion, the district court lacked jurisdiction to consider the motion. *See Farris*, 333 F.3d at 1216. The district court was not required to allow him to withdraw and amend his motion because he had already filed an initial motion to vacate. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring a district court that recharacterizes a motion as an initial motion to vacate to provide a *pro se* litigant an opportunity to withdraw and amend). Although the district court denied the motion instead of dismissing it, it correctly stated that it lacked jurisdiction, so we may construe the denial as a dismissal and affirm. *See Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003).

**AFFIRMED.**