[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14211

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONALD MATHIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60292-WPD-1

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Donald Mathias challenges the district court's order denying his motion to waive restitution interest and adjust his restitution payment schedule and the district court's denial of his motion for reconsideration. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2009, Mathias pleaded guilty to four counts of traveling in foreign commerce to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. section 2423(c). In a written plea agreement, Mathias "agree[d] to the entry of a [r]estitution [o]rder for the full amount of the victims' losses," pursuant to 18 U.S.C. sections 3663 and 3663A, and stipulated that the amount of restitution would be $200,000 total ($100,000 to each of his two victims). Mathias further agreed to "comply with any restitution order" and "to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made," including levy of his real property.

The probation officer prepared a presentence investigation report that stated Mathias was born in 1945 and was 64 years old at the time of the report. The PSI reported that from January to October 2009 Mathias was employed as a managing director at Marine Crewing Services in Miami, earning $5,000 per month. It also

reported that Mathias owned three real properties. One, located in Vero Beach, Florida, was valued at $52,500 and was under foreclosure. The two others were located in Davie, Florida, and were valued at $93,500 and $92,500, respectively. Based on these assets and the contents of one bank account, Mathias's net worth was reported as $238,536.

The district court sentenced Mathias to 240 months' imprisonment followed by five years' supervised release. It also ordered Mathias to pay $200,000 restitution and to surrender all rights to his real properties so they could be sold to help satisfy his restitution obligation. The district court then ordered a payment schedule:

> [S]hould the sale of those three properties not total $200,000, then during the period of . . . Mathias'[s] incarceration if he earns wages in a prison job, he shall pay 50 percent of his wages earned towards his [restitution] obligations. . . . Upon his release from jail, he shall pay [10] percent of his gross earnings towards his [restitution] obligations unless and until the . . . [c]ourt shall change that payment schedule.

The district court instructed that Mathias's payments would be applied to restitution principal before restitution interest. Mathias did not object to his sentence, restitution amount, or payment schedule.

In 2016, a court-appointed receiver sold Mathias's two Davie properties for a total of $74,081.91, and, after deducting expenses,

a total of $56,622.58 was remitted to the Clerk of Court to apply to Mathias's restitution.

In October 2023—while still incarcerated and still owing more than half the restitution principal—Mathias filed a motion to waive restitution interest under 18 U.S.C. section 3612(f)(3)(A) and adjust his payment schedule upon release under section 3664(k). The district court denied Mathias's motion. It reasoned the motion was premature because Mathias's future economic circumstances remained speculative and no interest would be due until the remaining restitution principal was paid. The district court also explained that it lacked jurisdiction to waive his restitution interest because there was no statutory authority to do so. Mathias filed a rule 59(e) motion for reconsideration that reiterated his same arguments and asserted the district court abused its discretion by denying his first motion before he timely filed a reply. The district court denied Mathias's rule 59(e) motion. This is Mathias's timely appeal.

## DISCUSSION

On appeal, Mathias challenges the district court's denial of (1) his motion to waive restitution interest and adjust his payment schedule upon release, and (2) his rule 59(e) motion for reconsideration. We address each in turn.

### A.

Mathias first challenges the district court's denial of his motion to waive restitution interest and to adjust his payment

schedule upon release.  "We review *de novo* the scope of the legal authority of the district court to reduce a sentence."  *United States v. Puentes*, 803 F.3d 597, 605 (11th Cir. 2015) (citation omitted).  We review a district court's disposition of a section 3664(k) motion for abuse of discretion.  *See* 18 U.S.C. § 3664(k) (giving the district court discretion to adjust a restitution payment schedule "as the interests of justice require"); *United States v. I.D.P.*, 102 F.3d 507, 514 (11th Cir. 1996) ("[W]e review the . . . interest-of-justice determination for abuse of discretion.").  "A district court abuses its discretion when it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015) (citation omitted).

The Mandatory Victims Restitution Act makes restitution mandatory for certain crimes, like the ones to which Mathias pleaded guilty.  18 U.S.C. §§ 3663A(a)(1), (c)(1)(B).  The payment of interest is also mandatory unless the restitution is paid in full before the fifteenth day after the date of the judgment.  *Id.* § 3612(f)(1).  When the district court imposes restitution it must also specify the "manner in which, and the schedule according to which, the restitution is to be paid," considering the defendant's financial resources, assets, and obligations and his projected earnings and other income.  *Id.* § 3664(f)(2).  Once mandatory restitution is imposed, it can seldom be changed:  "[A] district court may not modify a mandatory order of restitution unless one of the

circumstances in [section] 3664(o) applies." *Puentes*, 803 F.3d at 607–08.

First, the district court did not err in denying Mathias's motion to waive restitution interest. Section 3612(f)(3)(A)—the provision under which Mathias moved to waive restitution interest—allows the district court to waive the interest requirement if it "determines that the defendant does not have the ability to pay" it. 18 U.S.C. § 3612(f)(3)(A). But the district court only retains that discretion *before* imposing the mandatory restitution; once the district court imposes restitution, section 3664(o) provides the "exclusive" and "exhaustive" means of modifying it. *Puentes*, 803 F.3d at 599, 607. And section 3664(o) does not permit a restitution order to be changed under section 3612(f)(3)(A). *Id.*; 18 U.S.C. § 3664(o)(1).

Second, the district court did not abuse its discretion in denying Mathias's motion to alter his payment schedule upon release. Section 3664(k)—the provision under which Mathias moved to adjust his payment schedule—is one of the statutorily allowed methods for adjusting restitution. *See* 18 U.S.C. § 3664(o)(1)(D). To adjust a payment schedule under section 3664(k), the defendant must "notify the court . . . of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." *Id.* § 3664(k). But it must be "a *bona fide* change in the defendant's financial condition," such that "his present financial status is . . . different from that contemplated by the district court when it

imposed the restitution order." *Cani v. United States*, 331 F.3d 1210, 1215–16 (11th Cir. 2003).

Mathias maintains that his payment schedule should be adjusted to reflect a number of "changed economic circumstances upon his scheduled release in October[] 2025." Those circumstances are that: (1) the sale of his seized properties did not satisfy his restitution payment in full as they should have, (2) he will be 80 years old and in poor health, (3) his "total income available upon his release[] will be" "drastic[ally]" decreased from $5,000 to only $2,119 in Social Security income per month, and (4) the average cost of living expenses in the Southern District of Florida will exceed his monthly income.

As to the insufficiency of the sale proceeds from Mathias's properties, the district court considered this possibility when it ordered Mathias to "pay ten percent of his gross earnings towards his [restitution] obligations" upon his release if "the sale of [his] three properties [did] not total $200,000." As to Mathias's age and health upon release, the district court knew that Mathias was 64 years old at the time of sentencing and that he would be 84 years old after 20 years in prison. Neither of these circumstances are new or different from what the district court considered when it imposed the restitution order. *Id.*

As to Mathias's cost of living and his decreased earning potential because of his age upon release, the district court reasoned: "[T]here has been no material change in [Mathias's] circumstances, as [he] is in prison, where he will remain for approximately two

more years" and "while [Mathias] alleges that he will be limited to his Social Security benefits, he does not explain how that level of income is materially different than his . . . expectation of income at the time of sentencing." The district court also found that Mathias did not propose an alternative payment schedule or explain why the existing one was unreasonable "given the right of his victims to receive compensation, and the mandate of the MVRA that payment be made in the shortest time possible." The district court's determination that Mathias failed to identify a bona fide material change in his economic circumstances was not an abuse of discretion. 18 U.S.C. § 3664(k); *McLean*, 802 F.3d at 1233.

⋆    ⋆    ⋆

Mathias also argues the district court denied his motion before Mathias timely filed a reply to the government's response. We review "a district court's application of its local rules for an abuse of discretion," giving the district court's interpretation of its own rules "great deference." *McLean*, 802 F.3d at 1233 (citation omitted). The Southern District of Florida gives a movant seven days after service of an opposing memorandum of law to file a reply, S.D. Fla. Loc. R. 7.1(c)(1), but here the district court ruled on Mathias's motion only one day after the government filed its response. Nevertheless, the alleged error was harmless because Mathias made—and the district court considered—the same arguments in his motion for reconsideration that he could have raised in his reply. *Cf. United States v. Olano*, 507 U.S. 725, 734 (1993) ("[We] engage[] in a specific analysis of the district court record—a so-called

23-14211                Opinion of the Court                9

'harmless error' inquiry—to determine whether the [alleged] error was prejudicial.").[1]

### B.

Mathias next challenges the district court's denial of his motion for reconsideration under rule 59(e) of the Federal Rules of Civil Procedure. He argues that he satisfied rule 59(e) by asserting "new facts" about his economic circumstances, which demonstrate "manifest injustice" unless interest is waived and his payment schedule is adjusted.[2]

"We review for abuse of discretion the denial of a motion to reconsider." *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). Rule 59(e) reconsideration motions cannot be used "to relitigate old matters, raise argument[,] or present evidence that

---

[1] In the "Statement of the Case" section of Mathias's opening brief on appeal, he makes a passing claim that the district court's denial of his motion before he filed a reply violated his Fifth Amendment right to due process. He expands this argument in his reply brief, adding that the district court violated rule 51 of the Federal Rules of Criminal Procedure. Because Mathias only made a "passing reference[]" to the due process argument "in the 'statement of the case,'" *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014), and because "an appellant in a criminal case may not raise an issue for the first time in a reply appellate brief," *United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018) (cleaned up), he abandoned these arguments.

[2] Mathias also argues the district court erred by denying his rule 59(e) motion before he timely filed a reply to the government's response to that motion. For the same reason we explained as to the district court's denial of Mathias's first motion before he filed a reply, here too we conclude that the district court's error—if any—was harmless. *Olano*, 507 U.S. at 734.

could have been raised" previously. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting a [r]ule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up).

Here, Mathias's rule 59(e) motion was based on grounds he raised and argued previously. *Michael Linet*, 408 F.3d at 763. He reasserted that the sale of his real properties produced "only $56,622.58," which was "only 24% of the[ir assessed] value." He reiterated that upon his release he will be an 80-year-old man in declining health and his estimated income will be only $2,119 per month—much less than his $5,000 per month before incarceration and further comparatively devalued by inflation. These reasons do not constitute "newly[ ]discovered evidence or manifest errors of law or fact," *Arthur*, 500 F.3d at 1343, because Mathias knew of them previously and argued them in his first motion, and the district court was within its discretion to deny his first motion based on those same arguments. Thus, the district court did not abuse its discretion in denying Mathias's motion to reconsider.

## CONCLUSION

The district court did not abuse its discretion in denying Mathias's motion to waive restitution interest and adjust his payment schedule or in denying his motion for reconsideration. Accordingly, we affirm.

**AFFIRMED**.