[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10868
Non-Argument Calendar

_____

D. C. Docket No. 07-00051-CV-ORL-18-KRS

DARRELL WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 21, 2007)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Darrell Williams appeals the *sua sponte* dismissal of his 28

U.S.C. § 2241 petition for writ of habeas corpus. In his petition, Williams asserts the district court erred in ordering restitution without considering Williams' and his codefendants' abilities to pay and without specifying for which portion of the restitution amount each codefendant was responsible. The district court *sua sponte* dismissed Williams' petition for lack of jurisdiction, reasoning that Williams had failed to show he could bring his restitution challenge in a § 2241 petition under the savings clause in 28 U.S.C. § 2255.[1]

A motion to vacate, set aside, or correct a sentence under § 2255 is the typical vehicle for challenging the constitutional validity of a federally imposed conviction and sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Generally, such challenges can be raised in a § 2241 petition only if they satisfy the savings clause in § 2255, which requires a prisoner to show that § 2255

---

[1] After the district court dismissed Williams' § 2241 petition, he submitted a motion for reconsideration attempting to show why § 2255 relief was inadequate or ineffective, which the district court summarily denied. In his notice of appeal, Williams designated both the underlying dismissal and the denial of his motion for reconsideration. On appeal, however, Williams failed to discuss the denial of his motion for reconsideration. Accordingly, he has abandoned that appeal and we do not address it. *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) (holding "[i]ssues not clearly raised in the briefs are considered abandoned"). Likewise, although Williams also raised a fine challenge and an ineffective-assistance-of-counsel claim in his § 2241 petition, he failed to address those issues on appeal, such that he has abandoned them and we do not address them. *See id.* Finally, on appeal, Williams discussed two arguments, based on the Double Jeopardy and Equal Protection Clauses, not discussed in his § 2241 petition. Because he raised these arguments for the first time on appeal, he has waived them and we do not address them. *Dohrmann v. United States*, 442 F.3d 1279, 1282 (11th Cir. 2006) (refusing to address an argument raised for the first time in a federal prisoner's appeal from the denial of his § 2241 petition).

2

"is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶5; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[2] In *Dohrmann*, however, we implied that a federal prisoner could challenge the restitution portion of his conviction and sentence in a § 2241 petition even when he had not satisfied § 2255's savings clause. *See* 442 F.3d at 1280-81.

In light of *Dohrmann*, the district court's *sua sponte* dismissal of Williams' § 2241 petition for lack of jurisdiction was arguably erroneous. *See* 442 F.3d at 1280-81. However, we can affirm the district court's decision on any ground supported by the record. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Here, the record demonstrates that Williams' restitution challenge is without merit. Specifically, Williams argues the district court erred (1) in failing to consider his and his codefendants' ability to pay restitution and (2) in failing to specify the amount of restitution for which each codefendant was responsible. Because Williams' offenses involved crimes against property codified in Title 18, however, the Mandatory Victims Restitution Act (MVRA) required the district court to order restitution in the full amount of the loss and precluded the district court from considering Williams' and his codefendants' ability to pay. *See* 18

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

U.S.C. §§ 3663A(a)(1); *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002) (holding the MVRA divests the sentencing court of "any discretion to contemplate the defendant's financial situation in making such order"). Furthermore, the district court had discretion to order Williams and his codefendants to pay the restitution amount jointly and severally. *See* 18 U.S.C. § 3664(h). Thus, Williams' challenges to the restitution order fail. Accordingly, we construe the district court's dismissal as a denial of Williams' § 2241 petition and affirm. *See Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a district court's dismissal as a denial and affirming the district court's order); *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000) (reviewing the availability of habeas relief under § 2241 *de novo)*.

**AFFIRMED.**