[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11958

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRENDAN PAUL WAGNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00227-RAL-MAP-1

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Brendan Paul Wagner, a former federal prisoner proceeding *pro se*, appeals the District Court for the Middle District of Florida's May 2022 denial of his motion to clarify his 2005 criminal judgment and grant him relief from the registration requirements of the Sex Offender Registration and Notification Act (the "SORNA"), 34 U.S.C. § 20901, *et seq.* Wagner argues that the District Court erred in denying his motion for lack of subject-matter jurisdiction. The government, in turn, objects that we lack jurisdiction over Wagner's appeal in at least one respect. For the reasons discussed below, we dismiss the appeal in part and affirm the District Court in part.

## I.

On June 1, 2005, Brendan Paul Wagner was charged in an Information with one count of shipping child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1) and 2.[1] He pleaded guilty and, in exchange, the United States Attorney's Office for the Middle District of Florida agreed not to charge him with any other criminal offenses related to the conduct giving rise

---

[1] Typically, a defendant in a federal criminal case cannot "be held to answer for [] capital, or otherwise infamous crime[s], unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. In the matter before us, Wagner waived his right to an indictment.

to the plea agreement.  Following a hearing, the District Court accepted Wagner's guilty plea.  The Court sentenced Wagner to 87 months' imprisonment, followed by three years of supervised release.  As part of his supervised release, Wagner was required to "register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vacation, or is a student, as directed by the probation officer." J., Doc. 15 at 4. Wagner was released from federal prison on March 16, 2012.  His supervised release ended on March 16, 2015.

On March 21, 2022, Wagner, proceeding *pro se*, filed a motion in the District Court to terminate his duty to register as a sex offender under the SORNA.  He asserted that under the SORNA he qualified as a Tier I sex offender and therefore had a sex offender registration period of 15 years, which began to run when he was released from custody on March 16, 2012.  When a Tier 1 sex offender maintains a "clean record" for ten years, the duration of the duty to maintain a SORNA sex offender registration shall be reduced from 15 years to 10.  Wagner stated that he completed the statutory requirements for terminating his federal duty to register as of March 16, 2022—ten years after being released from federal custody.

The next day, the District Court issued an order (the "March Order") denying Wagner's motion.  That order stated: "The Court agrees with the rationale of *United States v. Studeny*, 2019 WL 859271 (W.D. Wash. 2/22/2019) and *Wiggins v. United States*, 2019 WL 5079557 (S.D. Ind. 10/10/2019) that the Court lacks

jurisdiction to grant the relief requested by the motion."[2]  Order, Doc. 18.

Wagner, still proceeding *pro se*, did not immediately appeal the March Order, choosing instead to file a motion citing both Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60.  Wagner requested that the Court "correct, reconsider, or clarify its final judgment" by identifying:  (1) what tier classification Wagner's offense is under the SORNA; (2) how long he must register as a sex offender under the SORNA; and (3) under what circumstances, if any, his federal duty to register under the SORNA can be reduced.  Def. R. 36 Mot., Doc. 19 at 1.

Wagner argued that the District Court retained jurisdiction to consider his federal duty to register until that part of the Court's judgment had been fully satisfied.  The motion argued that Federal Rule of Criminal Procedure 36 allowed a court to correct a clerical error in a judgment or order at any time.  It further stated that while there were no federal rules authorizing motions for reconsideration, both this Court and the Supreme Court have permitted such motions in criminal cases.  Similarly, while no federal rules authorize motions for clarification, several courts have interpreted

---

[2] In *Studeny* and *Wiggins*, the District Courts for the Western District of Washington and the Southern District of Indiana, respectively, held that the SORNA did not create a private right of action and as such the district courts lacked subject matter jurisdiction to entertain motions brought under the SORNA.

such motions as being brought under Federal Rule of Civil Procedure 60(b).

Wagner's Rule 36 motion reiterated his earlier arguments that he was a Tier I offender under the SORNA, that the SORNA extended his full registration period to 15 years with a possibility that it could be reduced by five years for having a "clean record," and that he qualified for such a reduction. The District Court entered an order (the "May Order") denying Wagner's motion on May 25, 2022. The Court stated:

> The Court reiterates that it lacks jurisdiction in this case based on the cases cited in the order denying Defendant's earlier motion, as well as the fact that Defendant has completed his terms of incarceration and supervised release. The Court declines to answer the questions posed by Defendant because the Court has no authority to issue an advisory opinion.

Order, Doc. 20. Wagner filed a notice of appeal of the May Order on June 8, 2022.

## II.

A notice of appeal in a criminal case usually must be filed within 14 days of the entry of judgment, or if the district court makes a finding of excusable neglect or good cause, within an extended period of time. Fed. R. App. P. 4(b)(1)(A), (b)(4). However, the time limits proscribed in the Federal Rules of Appellate Procedure are not jurisdictional in a criminal case; therefore, if the government does not dispute the timeliness of the appeal, the appeal

may proceed. *See United States v. Lopez*, 562 F.3d 1309, 1313–14 (11th Cir. 2009).

Moreover, a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We may look to the record, including the parties' briefs, to determine the orders or parts thereof an appellant intended to appeal. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).

Here, to the extent that Wagner is attempting to appeal the March Order, we lack jurisdiction to entertain the appeal, as his notice of appeal explicitly designates only the May Order. Regardless, Wagner filed the notice of appeal on June 8, 2022, 79 days after the District Court issued its March Order, which renders it untimely as to that order. Fed. R. App. P. 4(b)(1)(A). Therefore, our jurisdiction is limited to review of the May Order denying Wagner's second motion, and we dismiss his appeal to the extent it challenges the March Order.

### III.

We review questions regarding subject-matter jurisdiction *de novo*. *See Stovall v. City of Cocoa,* 117 F.3d 1238, 1240 (11th Cir. 1997). "[I]t it is well settled that a federal court is obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir. 2005) (quotations omitted). When appropriate, we will review *de novo* the correction of a written judgment under Federal

Rule of Criminal Procedure 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). We also "may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian,* 514 F.3d 1184, 1189 (11th Cir. 2008).

Federal courts have limited jurisdiction and possess only the power authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). We presume that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (quotations omitted). The burden of overcoming this presumption rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675. District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).

As a rule, if a district court concludes that it lacks subject matter jurisdiction over a case, the court must dismiss that case. *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court possessed subject matter jurisdiction and should have denied the defendant's motion on the merits); *see also* Fed. R. Civ. P. 12(h)(3) (civil cases). We "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review." 28 U.S.C. § 2106.

Procedurally, Federal Rule of Criminal Procedure 36 permits a district court to correct, at any time, a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. Rule 36 may not be used to make a substantive alteration to a criminal sentence, however. *Portillo*, 363 F.3d at 1164. In determining the terms of a sentence, it is the intent of the sentencing judge which controls, and that intent is to be determined by reference to the record. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983).

Federal Rule of Civil Procedure 60(b) allows a party to seek relief or reopen his case in certain limited circumstances. Fed. R. Civ. P. 60(b). However, "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the district court lacked subject matter jurisdiction necessary to provide Rule 60(b) relief where defendant's Rule 60(b) motion challenged criminal forfeitures); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

Moreover, federal courts are "not in the business of issuing advisory opinions that do not affect the rights of litigants in the case before [them]." *See Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) (civil suit ultimately deemed moot and no longer justiciable).

Here, the District Court correctly found that it lacked jurisdiction to grant Wagner's motion under either Fed. R. Crim. P. 36

22-11958                Opinion of the Court                9

or Fed. R. Civ. P. 60(b). First, while a *pro se* litigant's motion should be construed liberally, Wagner's motion explicitly sought a modification of the original 2005 judgment in his criminal case under the aforementioned rules. Wagner asked the District Court to add to his original judgment a determination of his SORNA Tier, the length of time he was required to register, and any possible reductions to said requirement. These substantive determinations clearly fall outside of the "minor and mechanical" clerical errors covered under Rule 36. *Portillo,* 363 F.3d 1164–65. Additionally, it is unclear, and Wagner has not demonstrated, how the failure to include information concerning the SORNA in a judgment issued *before the passage* of the SORNA could have been an error caused by oversight or omission.

Additionally, the Court properly rejected Wagner's second proposed route for alteration, under Rule 60(b), because that provision is only applicable in civil cases, not criminal proceedings like Wagner's. *See e.g., Mosavi,* 138 F.3d at 1366. Further, to the extent Wagner sought answers to certain questions which might have allowed him to file a claim for relief in the future, the District Court correctly declined to provide answers, because—even if jurisdiction otherwise existed—it could not issue what would constitute, in essence, an "advisory opinion." *See Gagliardi*, 889 F.3d at 733.

Finally, we note that, where a district court concludes that it lacks subject-matter jurisdiction over a case, it must dismiss it. *Cf. Cani*, 331 F.3d at 1216. Therefore, we will construe the District Court's order denying Wagner's order for lack of subject-matter

10                    Opinion of the Court                    22-11958

jurisdiction as a dismissal for lack of subject-matter jurisdiction. *Id.*; 28 U.S.C. § 2106.  As such, we affirm.

**DISMISSED IN PART, AFFIRMED IN PART**